UNITED STATES, Appellee

v

WALTER J. HORTON, Private First Class, U. S. Army, Appellant

No. 28,905

March 28, 1975

*Captain Leslie Wm. Adams* argued the cause for Appellant, Accused. With him on the brief were *Colonel Victor A. DeFiori* and *Captain Michael L. Quirk.*

*Captain William A. Poore* argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel Ronald M. Holdaway, Lieutenant Colonel Donald W. Hansen* and *Captain Steven M. Werner.*

## OPINION OF THE COURT

Cook, Judge:

In accordance with his plea, the accused was convicted of an absence without leave of 4 months and escape from confinement. For these offenses, the military judge, presiding alone pursuant to accused's written request, imposed a bad-conduct discharge which he recommended be suspended. The sentence, however, has been approved and affirmed without modification or suspension.

Upon petition, accused's case was granted on a single issue which presents the question whether the staff judge advocate erred as a matter of law when he failed to include in the post-trial review the opinion of appellant's unit commander that "this EM does possess rehabilitative potential."

This opinion by the unit commander was part of the personal history statement of accused, which was executed and appended to the letter of transmittal forwarding the charges. Appellate defense counsel interpret this opinion as being commendatory and, therefore, a matter that should have been mentioned in the post-trial review. In the same personal history statement, however, the same unit commander stated that accused's prior service, both as to conduct and efficiency, was unsatisfactory. He also indicated he could not rate accused's then current conduct and efficiency with the duplicate notation "Unk/Unk" which apparently reflects that they were unknown. Moreover, in his transmittal letter, where he recommended trial of accused for the offenses by special court-martial, there was contained an added insertion of "BCD." Finally, and in reference to his "rather tentative assess-

ment"[1] of accused's rehabilitative potential, this appraisal is unsupported by any known character or behavior traits and there is nothing to be found elsewhere since the unit commander answered "None" in the space provided for "Remarks" concerning accused. Under these circumstances, therefore, it is difficult, if not impossible, to find in what manner a report to the convening authority of accused's rehabilitative potential was laudatory or would have benefited accused.

In addition, the term "potential" is often vague in meaning and, even if considered to be favorable, in this instance it could have worked to accused's disadvantage inasmuch as it was coupled with the same officer's recommendation for trial by special court-martial and a bad-conduct discharge. From this juxtaposition of views, it could be reasoned that although the commander believed accused had a potential for rehabilitation, he, in turn, felt that accused had not shown a willingness to bring it to fruition and, consequently, should be separated from the Army with a punitive discharge. Furthermore, and projecting this potential in its best light, the remainder of the unit commander's comments or statements of opinion appear to be either condemnatory or noncommittal,[2] as previously discussed. Accordingly, this apparent recommendation would have been shown to be without foundation or substance, which could also have had an adverse effect.

Finally, we find significant the approval of the sentence by the convening authority even though the military judge had recommended suspension of the bad-conduct discharge. The post-trial review included not only the favorable reports of others as testified at trial, but also accused's testimony explaining the circumstances surrounding the offenses together with his expressed desire to complete his term of service and receive an honorable discharge. Nevertheless, with this evidence, which was clearly the basis for the military judge's recommendation and was no doubt reported to enhance the same, the convening authority rejected it as proposed by the staff judge advocate because of the nature and seriousness of the offenses of which accused stood convicted. Certainly, if this more definite and pertinent recommendation which was clearly favorable to accused was of so little effect, the opinion of the unit commander which was made without any supporting factors would therefore have added nothing. Consequently, the staff judge advocate's post-trial review is not defective by its failure to include the unit commander's opinion concerning accused's rehabilitative potential. Therefore, the issue is answered in the negative, and the decision of the Court of Military Review is affirmed.

Senior Judge FERGUSON concurs.

Judge QUINN did not participate in the decision of this case.

---

[1] United States v Edwards, 23 USCMA 202, 204, 48 CMR 954, 956 (1974).

[2] As stated in United States v Edwards, *supra* at 203, 48 CMR at 955:

Plainly if the favorable material in the personal history statement should have been brought to the attention of the convening authority, as appellate defense counsel insist, the staff judge advocate would also have had to mention the contemporaneous assessment of the accused . . . [by the same officer].